

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom F. Coleman, Jr.
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. 0-2655
Re: The applicability of any pro-
vision of the Penal Code of Texas
to the described facts.

Your letter of October 22, 1940, requesting an
opinion from this Department, reads in part as follows:

"During the recent primary elections a cer-
tain situation was found to exist in this county
of sufficient seriousness that I deem it necessary
to seek your advice. Each of the county commis-
sioners in this county has charge of all road work
in his precinct, and hires and fires his road work-
ers. One of these commissioners employs a number
of machinery men regularly, that is, while they are
paid by the day, they work each day that the machin-
ery is used. Prior to the first primary this com-
missioner gave part of these men three weeks off and
employed additional men to run the machines. The
men laid off were kept on the pay roll, and their
names were turned in as having worked, and they were
paid their regular salary. When this was later dis-
covered, the commissioner stated that he was giving
the men a vacation as he thought he had a right to
do, and refunded to the county the money which had
been paid the men. It was my ruling that men em-
ployed by the day by the county would not be given
a vaction with pay. According to the Dallas News

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom F. Coleman, Jr., Page 2

of August 29, 1940, the district attorney of Dallas County has also ruled that there can be no paid vacations for workers paid on an hourly basis. This ruling was acquiesed in and as previously stated the money was refunded.

"There is however some evidence that the payment made in this case was not intended as a paid vacation, since the commissioners court, the county auditor, and the county treasurer were not so informed until after there was considerable discussion of the matter.

"The question, therefore, on which I desire an opinion is whether or not the county commissioner and the road employees under the facts as given to you have violated any provision of the Penal Code. . . ."

Your inquiry involves mixed questions of law and of fact which cannot be categorically answered by this Department; they are determinable by a court or jury in a proper proceeding. We have, however, concluded as follows with reference to Articles 108 and 373, mentioned in your letter, and Article 95, each of the Penal Code.

Article 108 does not embrace the subject matter described; Article 373 requires a pecuniary interest in a contract, and under Article 95 an essential element is as described in McKinzie v. State, 92 S. W. (2d) 458:

"In order for an officer to be guilty under this statute, the money which he is charged with having misapplied or converted must have come into his custody or possession by virtue of his office. The words 'come into his custody or possession' we think mean that he was in actual possession thereof at the time of its conversion or misapplication."

See also Hanna v. State, 135 S. W. (2d) 105.

Consequently, it is the opinion of this Department that neither the County Commissioner nor the road employees have, under the facts given in your letter, violated Articles 108 or 373 or 95 of the Penal Code of Texas.

In view of the limited facts before us, we express no opinion with reference to other general provisions of the Penal Code such as those defining theft by false pretext, perjury or false swearing, and criminal conspiracy.

In Opinion No. O-2754 this Department discussed other questions touching the subject matter of your request which you may find informative. We are, therefore, enclosing a copy of this opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:BBB

APPROVED DEC 6, 1940

ATTORNEY GENERAL OF TEXAS

